IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CV-35-FL

| | | |
|---|---|---|
| DEFENDERS OF WILDLIFE and NATIONAL WILDLIFE REFUGE ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; JOHN F. SULLIVAN, III, Division Administrator, Federal Highway Administration; and EUGENE A. CONTI, JR., Secretary, North Carolina Department of Transportation, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| CAPE HATTERAS ELECTRIC MEMBERSHIP CORPORATION, | ) ) ) | |
| Intervenor-Defendant. | ) | |

This matter comes before the court on motion of federal defendants John F. Sullivan, III and the Federal Highway Administration ("FHWA") for reconsideration (DE # 51), filed February 3, 2012. The federal defendants inform that the other parties to this action consent to the requested relief. The issue raised is ripe for adjudication. For the following reasons, the federal defendants' motion is denied.

## BACKGROUND

Plaintiffs Defenders of Wildlife and National Wildlife Refuge Association filed complaint on July 1, 2011, praying therein for declaratory judgment and for certain injunctive relief related to the planned replacement of Bonner Bridge, which bridge spans the Oregon Inlet and connects Bodie and Hatteras Islands.

The parties' joint report and plan, filed October 19, 2011 and adopted by the court on November 1, 2011, established that the federal defendants would file the administrative record (the "record") on or before January 31, 2012. On January 27, 2012, the federal defendants asked the court for permission to lodge the record on a portable hard drive in lieu of filing hard copies or filing in CM/ECF. The court initially allowed this request. However, by order entered February 2, 2012, the court notified the parties that, due to computer security issues, the public terminals in the clerk's office are not configured to accept a portable hard drive. Reference was made as well to the Eastern District of North Carolina's *Electronic Case Filing Administrative Policies and Procedures Manual*. Moreover there is concern about maintenance of the record for extended period if received in the manner requested, where a portable hard drive may be susceptible to deterioration over time. Accordingly, the court rescinded its order allowing the federal defendants to lodge the record on a portable hard drive and directed them to file the record in CM/ECF.

On February 13, 2012, the federal defendants filed the instant motion for reconsideration. They seek permission to (1) provide the record to the clerk's office on CDs or DVDs, or, in the alternative, to (2) compile at the conclusion of briefing and submit to the court a Joint Appendix that would include all of the pages cited by the parties in their memoranda.

**DISCUSSION**

The federal defendants first informed in their memorandum that the record consists of more than 11,000 individual .pdf files, measuring in total twenty-eight gigabytes. Counsel for the federal defendants has since informed the clerk of court, however, that the file size has been reduced through optimizing to eight gigabytes.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Id. (quoting Columbus-American Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000)); see also In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994) (noting that the preference for public access "helps safeguard the integrity, quality, and respect in our judicial system")). The public's right to access judicial records is particularly vital where, as here, the case involves an issue of great public concern. Disposition of this matter will affect the lives of many North Carolina residents and visitors to the Outer Banks.

The public terminals in the clerk's office are not configured to accept CDs or DVDs, just as they cannot accept portable hard drives. Further, where the parties and the court will have access to the entire record, the undersigned cannot permit the federal defendants to make available to the public only a condensed Joint Appendix at the conclusion of briefing. This would both limit and substantially delay the public's access to the record, where briefing in this matter is not scheduled to conclude until August 31, 2012.

3

Although the record is lengthy, it is not so voluminous as to preclude electronic filing as required by Local Civil Rule 5.1, particularly now that the federal defendants have succeeded in substantially reducing the file size to about eight gigabytes. The electronic filing requirement promotes the administration of justice by providing more efficient maintenance of court records and improved public access to case file information.

## CONCLUSION

Accordingly, the consent motion for reconsideration (DE # 51) is DENIED. The record shall be filed electronically in accordance with the local rules within twenty-one (21) days hereof. The federal defendants are reminded that a separate case has been created, with case number 2:12-mc-00001-FL, for filing of the record. Counsel may contact the clerk's office for further guidance in filing the record in CM/ECF.

SO ORDERED, this the 21st day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge